UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert J. Kudla,                                                                Civil No. 12-1000 (DWF/JJK)

          Plaintiff,

v.                                                                                            **ORDER ADOPTING REPORT
                                                                                              AND RECOMMENDATION**

Carolyn Colvin, Acting Commissioner
of Social Security,

          Defendant.

This matter is before the Court upon Plaintiff Robert J. Kudla's ("Plaintiff") objections (Doc. No. 43) to Magistrate Judge Jeffrey J. Keyes's October 31, 2014 Report and Recommendation ("R&R") (Doc. No. 41) insofar as it recommends that: (1) Plaintiff's Motion for Summary Judgment be denied; (2) Defendant Carolyn Colvin, Acting Commissioner of Social Security's ("Defendant") Motion for Summary Judgment be granted; and (3) this case be dismissed with prejudice.   Defendant filed a response to Plaintiff's objections on December 5, 2014.[1]   (Doc. No. 50.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b).   The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's objections.

---

[1]   The Court entered an order granting Defendant's Motion for Extension of Time, which resulted in a December 5, 2014 deadline.   (Doc. No. 49.)

In the R&R, the Magistrate Judge concluded that the Administrative Law Judge's ("ALJ") findings that Plaintiff's pain disorder did not meet or equal Listing 21.02 or 12.04 was supported by substantial evidence on the record as a whole, though there was evidence to support a different outcome. Specifically, the Magistrate Judge cited to the ALJ's findings that the evidence showed that Plaintiff was regularly alert, aware and able to concentrate, and that the MAPS team disputed a claim of complete disability and called into question Plaintiff's perceptions of pain. (Doc. No. 41 at 18-20.) The Magistrate Judge also concluded that the evidence supported the ALJ's assignment of less weight to the GAF score. The Magistrate Judge similarly concluded that the ALJ's determinations regarding the following were supported by substantial evidence on the record as a whole: the proper weight to assign to the opinions of certain physicians; the credibility of Plaintiff's subjective complaints in light of the *Polaski* factors; and the adequacy of the ALJ's hypothetical. (*Id.* at 21-27.)

Plaintiff objects to the Magistrate Judge's R&R on the following grounds: (1) the Magistrate Judge erred in his determination that the ALJ did not err in finding that Plaintiff did not meet or equal Listing 12.02 or 12.04; (2) the Magistrate Judge erred in his analysis of Plaintiff's treating physicians' opinions; and (3) the Magistrate Judge erred by failing to recognize that the ALJ failed to make an express credibility determination on Plaintiff. (*See generally* Doc. No. 43.) The Court concludes that the Magistrate Judge did not err on any of these grounds.

With respect to whether Plaintiff can meet or equal Listing 12.02 or 12.04, the Magistrate Judge acknowledged that there was evidence that contradicted the ALJ's findings, but still found that there was substantial evidence on the record as a whole that supported the ALJ's findings. Similarly, the Magistrate Judge reasonably found that substantial evidence supported the ALJ's decision to rely on certain physicians' opinions and to discredit other physicians' opinions. Finally, the Magistrate Judge also found that the ALJ made an express credibility determination, addressed the relevant credibility factors, and did so based on specific evidence in the record. Thus, the Court finds that the record as a whole contains substantial evidence to support the Commissioner's determination; therefore, the Magistrate Judge's affirmation of the ALJ's decision was proper. *See Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (outlining the standard of review for an ALJ's decision).

In sum, Plaintiff's objections do not warrant departure from the Magistrate Judge's R&R, and the Court agrees with the Magistrate Judge's and the ALJ's conclusions regarding Plaintiff's disability. Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1. Plaintiff Robert J. Kudla's objections (Doc. No. [43]) to Magistrate Judge Jeffrey J. Keyes's October 31, 2014 Report and Recommendation are **OVERRULED**.

  2.  Magistrate Judge Jeffrey J. Keyes's October 31, 2014 Report and

Recommendation (Doc. No. [41]) is **ADOPTED**.

  3.  Plaintiff's Motion for Summary Judgment (Doc. No. [32]) is **DENIED**.

  4.  Defendant's Motion for Summary Judgment (Doc. No. [38]) is

**GRANTED**.

  5.  This case is **DISMISSED WITH PREJUDICE**.

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 23, 2014  s/Donovan W. Frank
             DONOVAN W. FRANK
             United States District Judge